**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| William Thweatt,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Koglmeier, Dobbins & Snith<br>[sic-Smith], et al.,<br><br>　　　　　Defendants. | No. CV 05-1869-PHX-PGR<br><br>ORDER AND OPINION |

Pending before the Court is the defendants' Motion for Reconsideration of Order Allowing Withdrawal of Acceptance of Offer of Judgment (doc. #30). Having considered the parties' memoranda in light of the record, the Court finds that the motion should be granted.

Background

This action, originally assigned to the Honorable Earl H. Carroll, was commenced by the plaintiff on June 21, 2005 pursuant to the Federal Debt Collection Practices Act (FDCPA). This action stems from a forcible detainer action that the defendants filed in justice court against the plaintiff seeking his eviction from his rented townhouse. The plaintiff filed a second FDCPA action

- 1 -

arising from the same eviction proceeding on July 7, 2005; the second action, CV-05-2005-PHX-MHM, assigned to the Honorable Mary H. Murgia, is a class action and includes among its defendants all of the defendants in this action.

On March 8, 2006, the plaintiff filed a Notice of Acceptance of Rule 28 [sic-68] Offer of Judgment (doc. #14); attached to the notice was the defendants' offer of judgment dated February 27, 2006.[1] The Clerk of the Court having not yet entered judgment pursuant to Fed.R.Civ.P. 68, the plaintiff filed an Application for Entry of Judgment (doc. #15) on March 27, 2006. The parties thereafter submitted differing proposed forms of judgment. On March 31, 2006, the plaintiff filed a Motion to Withdraw His Acceptance of Defendants' Offer of Judgment (doc. #19), and he filed an amended motion on April 3, 2006 (doc. #23). The basis for the motion was the plaintiff's disagreement with the defendants' contention that the plaintiff's acceptance of the offer of judgment included the claims in his class action pending before Judge Murgia. After discussing the matter with counsel in short hearings held on April 3, 2006 and April 17, 2006, which was before the defendants had the opportunity to file any written response to the plaintiff's motion, Judge Carroll entered an order (doc. #28) on April 20,

---

[1] The offer of judgment stated the following:

>  Pursuant to the provisions of Rule 68, Federal Rules of Civil Procedure, defendants Koglmeier, Dobbins, & Smith, P.L.C., J. Denton Dobbins Jr., and Matthew Koglmeier, offer to allow judgment to be taken against Koglmeier Dobbins & Smith, P.L.C. only, in this cause as full and final settlement of all claims against all defendants in the total sum of THREE THOUSAND DOLLARS and 00/100 ($3,000.00), plus taxable costs accrued to date provided the same is accepted in writing within 10 days after service hereof.
>  If this offer is accepted, the amount to be awarded for attorney's fees is $0.00.

2006 in which he granted without explanation the plaintiff's request to withdraw his acceptance of the offer of judgment; Judge Carroll also recused himself in that order and the action was reassigned to the undersigned Judge that same day. The defendants filed their pending motion for reconsideration of Judge Carroll's order on May 18, 2006.

Discussion

The Court initially concludes that it may reconsider Judge Carroll's order because it was an interlocutory order and such orders are always subject to being reconsidered prior to entry of final judgment, even by a subsequently assigned judge, *see e.g.*, Langevine v. District of Columbia, 106 F.3d 1018, 1023 (D.C.Cir. 1997), and that, in the exercise of its discretion, it should consider the merits of the defendants' reconsideration motion notwithstanding the defendants' insufficiently explained failure to file the motion within the 10-day time period set forth by LRCiv 7.2(g). *See* Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1048 (2nd Cir. 1991) ("[W]e agree with our sister circuits that the district court has the inherent power to decide when a departure from its Local Rules should be excused or overlooked."); *see also*, Guam Sasaki Corp. v. Diana's Inc., 881 F.2d 713 (9th Cir. 1989) ("It is for the court in which a case is pending to determine what departures from ... rules of court are so slight and unimportant that the sensible treatment is to overlook them.")

The limited issue before the Court at this time is not how the offer of judgment is to be construed because that issue is not now properly before the Court - the issue is whether the Court's decision to allow the plaintiff to withdraw his acceptance of the offer of judgment prior to entry of judgment was proper as a

matter of law.  The Court concludes that it was not.[2]

First, the Court committed clear error in not promptly entering judgment after the plaintiff filed his Rule 68 notice of acceptance.  Outside of a very few exceptions not relevant here to this action, a Rule 68 offer of judgment is self-executing once its acceptance is filed with the Court and neither the Court nor any court official has any discretion to do anything regarding that acceptance other than to enter judgment. Ramming v. Natural Gas Pipeline Co. of America, 390 F.3d 366, 370-71 (5th Cir. 2004); *accord*, Webb v. James, 147 F.3d 617, 621 (7th Cir. 1998) ("Entry of a Rule 68 judgment is ministerial rather than discretionary.  Thus, there is no opportunity for a district court to even consider allowing rescission of the Rule 68 'contract.'"); Perkins v. U.S. West Communications, 138 F.3d 336, 338 (8th Cir. 1998) ("... Rule 68 leaves no discretion in the district court to do anything other than enter judgment once an offer of judgment has been accepted.  By directing that the clerk *shall* enter judgment after proof of offer and acceptance has been filed, the explicit language of [Rule 68] indicates that the district court possesses no discretion to alter or modify the parties' agreement.") (Emphasis in original); Mallory v. Eyrich, 922 F.2d 1273, 1279 (6th Cir. 1991) (Same).  The Court simply had no authority to

---

[2] The Court rejects the defendants' contention that Judge Carroll erred in not recusing himself before ruling on the plaintiff's motion.  The defendants' position that Judge Carroll should not have ruled on the motion if he believed that he had a reason to recuse himself is sustainable only if the recusal was for cause and thus mandated by either 28 U.S.C. § 144 or § 455.  While Judge Carroll did not state why he was recusing himself, his status as a senior judge gives him the right to recuse himself from any case at any time for any reason, and this Court cannot and will not infer from the record before it that Judge Carroll chose to recuse for any reason mandated by statute as any such inference would be improperly based on pure speculation.

delay entry of the accepted offer while the parties disputed the manner in which the accepted offer should be construed. Oates v. Oates, 866 F.2d 203, 208 (6th Cir.), *cert. denied*, 490 U.S. 1109 (1989) (We agree ... that the clerk was required to enter judgment under Rule 68. ... The clerk refused to enter judgment because the parties had not resolved their dispute on whether 'costs' included attorney's fees.  However, Rule 68 does not condition entry of judgment on the resolution of all issues.") (Internal brackets omitted).

Second, the procedural device employed by the plaintiff to seek relief from his acceptance of the offer of judgment was improper in that the only appropriate mechanism in which to raise any challenge to an accepted Rule 68 offer of judgment is a post-judgment motion pursuant to Fed.R.Civ.P. 60. Fafel v. Dipaola, 399 F.3d 403, 414 (1st Cir. 2005); Webb, 147 F.3d at 622; Richardson v. Nat'l Railroad Passenger Corp., 49 F.3d 760, 765 (D.C.Cir. 1995).

Because the plaintiff timely accepted the offer of judgment, the Court will direct the Clerk of the Court to enter judgment in accordance with the language of the accepted offer.  Therefore,

IT IS ORDERED that the defendants' Motion for Reconsideration of Order Allowing Withdrawal of Acceptance of Offer of Judgment (doc. #30) is granted to the extent that the portion of the Court's Order entered on April 20, 2006 (doc. #28) "granting Plaintiff's Motion to Withdraw his Acceptance of Defendants' Offer of Judgment. (Dkts. 19, 23.)" is vacated.

IT IS FURTHER ORDERED that Plaintiff's Amended Motion to Withdraw his Acceptance of Defendants' Offer of Judgment (doc. #23) is reinstated and is denied.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter final

1  judgment for the plaintiff and against defendant Koglmeier, Dobbins & Snith [sic-
2  Smith], P.L.C. in this action pursuant to Fed.R.Civ.P. 68 in the amount of
3  $3,000.00, plus taxable costs accrued through March 8, 2006, as full and final
4  settlement of all claims against all defendants.

     IT IS FURTHER ORDERED that the defendants' Motion for Consolidation (doc. #42) is denied as moot.

     DATED this 15th day of August, 2006.

Paul G. Rosenblatt
United States District Judge